```
RECEIPT #  64163
AMOUNT $  250
SUMMONS ISSUED  N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK.  M
DATE  5-11-05
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW A. MCCUE,

    Plaintiff,

v.

EARTH TECH, INC., and
TAMS CONSULTING, INC.

    Defendants.

CIVIL ACTION NO. _____

05 CV 10974 NMG

MAGISTRATE JUDGE Bowler

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Earth Tech, Inc., and Tams Consultants, Inc. (collectively "Earth Tech" or "Defendants"), hereby file this Notice of Removal of the above captioned case from the Superior Court Department, Middlesex County, where it is denominated as Civil Action No. 05-1319, to the United States District Court for the District of Massachusetts. As grounds for this removal, Earth Tech states as follows:

1.    On or about April 15, 2005, plaintiff Matthew A. McCue ("Plaintiff") filed his complaint in this action in the Superior Court Department of Middlesex County (hereinafter "Complaint"). A true and accurate copy of the Complaint is attached hereto as Exhibit 1.

2.    The Complaint names as defendants Earth Tech, Inc., and in error, TAMS CONSULTING, INC., where the actual name of the company is TAMS Consultants, Inc.

3.    A copy of the Complaint and summons were served upon Earth Tech, Inc. on or about April 21, 2005.

4.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

BOS1490056.1

5. Earth Tech will provide notice of the removal of this action to Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, Middlesex County, by filing a Notice of Filing for Removal with said court, and by serving copies of the same on Plaintiff.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Plaintiff alleges in the Complaint that he is a resident of Massachusetts. Complaint 1. Therefore, upon information and belief, Plaintiff is, and at all relevant times was, a citizen of Massachusetts.

8. Earth Tech, Inc. is, and at the time of this action was commenced was, a California corporation with a principal place of business in Long Beach, California. TAMS Consultants, Inc. is, and at the time this action was commenced was, a New York corporation with a principal place of business in Long Beach, California.

9. Complete diversity of citizenship exists among Plaintiff and Defendants because they are citizens of different states.

10. Without admitting, and expressly denying, the validity of Plaintiff's causes of action, the amount in controversy, based upon information and belief, exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11. By this Notice of Removal, neither Earth Tech nor TAMS waives, and expressly reserves, its right to contest service of process, personal jurisdiction, and the sufficiency of the Complaint.

12. In accordance with Local Rule 81.1, the Defendants will, within thirty (30) days, file with this Court attested copies of all records, proceedings and docket entries in the state court.

WHEREFORE, this action should be removed to the United States District Court for the District of Massachusetts.

        Respectfully submitted,

        EARTH TECH, INC. and
        TAMS CONSULTANTS, INC.

        By their attorneys,

        /s/ Jonathan Sablone
        Jonathan Sablone (BBO No. 632998)
        J. Christopher Allen, Jr. (BBO No. 648381)
        Christine Vargas Suthoff (BBO No. 658916
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        (617) 345-1000

Dated: May 11, 2005

## CERTIFICATE OF SERVICE

I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served by first class mail and via fax upon plaintiff's counsel of record, this 11th day of May, 2005.

*[signature]*
Christine Vargas Suthoff

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO.

MATTHEW A. MCCUE,                )
        Plaintiff                )
                                 )
vs.                              )
                                 )
EARTH TECH, INC., and            )
TAMS CONSULTING, INC.,           )
        Defendants               )

## COMPLAINT AND JURY DEMAND

### FACTS

1. The plaintiff, Matthew McCue, is an adult who resides at 697 East 8th Street, South Boston, Suffolk County, Massachusetts.

2. The defendant, Earth Tech, Inc. ("Earth Tech"), is a corporation with a usual place of business at 300 Baker Avenue, Concord, Middlesex County, Massachusetts.

3. The defendant, TAMS Consulting, Inc. ("TAMS"), was a corporation with a usual place of business at all times relevant to this litigation at 38 Chauncy Street, Boston, Suffolk County, Massachusetts

4. On or about April 17, 2002, at roughly 8:25 p.m., the plaintiff, Matthew McCue, was a pedestrian who was attempting to cross the street at or near 515 Concord Avenue in Cambridge, Massachusetts.

5. At that location, Concord Avenue has four lanes for vehicular traffic, with two travel lanes going eastbound and two travel lanes going westbound, which are divided by a median.

6. On or about April 17, 2002, there was a traffic/pedestrian crossing light and a crosswalk which cut across the travel lanes and through the median at or near this location.

7. Mr. McCue had crossed the two westbound travel lanes but had to stop at the median, because the traffic/pedestrian lights had changed to permit vehicular traffic to proceed again eastbound on Concord Avenue.

8. While Mr. McCue was standing in the median, a pick-up truck operated by Richard Brogan of Salem, Massachusetts, stopped to let the plaintiff finish crossing the street.

9. After crossing in front of Mr. Brogan's truck, Mr. McCue attempted to continue to cross the eastbound travel lanes.

10. A vehicle operated by Santos Villanueva of Boston, Massachusetts, was then proceeding in the eastbound lane second from the median.

11. The vehicle operated by Mr. Villanueva then struck Mr. McCue.

12. As a result of this accident, Mr. McCue suffered serious and permanent injuries, including but not limited to, a right frontal and temporal intraparenchymal hemorrhage, right subdural hematoma, right subarachnoid hemorrhage, closed head injury, and right fibula fracture.

13. As a result of the injuries he suffered in this accident, Mr. McCue was hospitalized for an extended period of time.

14. As a result of his injuries suffered in this accident, Mr. McCue has incurred significant medical expenses, lost wages, loss of his earning capacity, permanent cognitive impairment, and other injuries, harm, loss and damages.

15. At the time of and prior to this accident, the defendant, TAMS, had been hired to design, and/or participate in overseeing the construction of, the crosswalk and traffic/pedestrian lights at the location where Mr. McCue's accident occurred.

16. TAMS' design included, inter alia, establishing the timing sequence when the traffic/pedestrian traffic lights would change, where the lights and activating mechanisms would be placed, how the lights would be activated, and where the pedestrian crossing would be located.

17. TAMS was bought or otherwise acquired by Earth Tech, which is legally responsible for any negligence by TAMS in these circumstances.

18. The traffic/pedestrian light and crosswalk at or near 515 Concord Avenue in Cambridge were part of a much bigger project which was intended and designed to attract people to the Fresh Pond area.

19. In designing and overseeing, at least in part, the construction of this traffic/pedestrian light and crosswalk, TAMS/EarthTech owed members of the public, including Matthew McCue, a duty to do so in a manner which was not negligent.

20. This traffic/pedestrian light was intended, and should have been designed, to permit pedestrians to cross the entirety of Concord Avenue before motor vehicles could then proceed.

21. The traffic/pedestrian light at or near 515 Concord Avenue in Cambridge was defective on April 17, 2002, in that it did not require vehicular traffic on this four-lane road to stop for a sufficient period of time to permit pedestrians to cross this street completely.

22. Because this traffic/pedestrian light was defective, TAMS/Earth Tech breached its duty of care owed to the plaintiff.

23. Because this traffic/pedestrian light was defective in that it did not permit Mr. McCue sufficient time to completely cross Concord Avenue, the plaintiff found himself in a narrow median between four lanes of vehicular traffic at night.

24. On April 17, 2002, there was no mechanism which would allow the plaintiff to activate the traffic/pedestrian lights while he was on the median.

25. The lack of a mechanism to permit a pedestrian to activate the light from the median constitutes a defect or error in the design and/or construction of this traffic control configuration.

26. On April 17, 2002, there were insufficient signs warning motorists of new traffic/pedestrian light, and insufficient or unclear instructions to pedestrians concerning these lights.

27. The lack of a mechanism to permit a pedestrian to activate the light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians, individually or collectively, created a situation which was dangerous to the plaintiff and constituted negligence on the part of TAMS/Earth Tech.

28. The lack of a mechanism to permit a pedestrian to activate the traffic light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians was or were a substantial contributing cause of the accident which resulted in the plaintiff's serious and permanent injuries.

29. Because of the negligence of TAMS/Earth Tech, the plaintiff suffered serious bodily injuries and other harm for which he is entitled to recover.

WHEREFORE, the plaintiff, Matthew McCue, demands judgment, from the

defendants, TAMS Consulting, Inc. and/or EarthTech, Inc., for all sums adjudged owing to him to compensate him for all damages flowing from this accident.

**THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Plaintiff,
Matthew McCue,
By his attorneys,

Peter L. Eleey, BBO#152740
William P. Rose, BBO#557000
Law Office of Peter L. Eleey
304 Victory Road
Marina Bay
Quincy, MA 02171
(617) 770-1000

Dated: April 15, 2005

05 10974 NMG

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Matthew A. McCue

**DEFENDANTS**
Earth Tech, Inc.
TAMS Consultants, Inc.

(b) County of Residence of First Listed Plaintiff  **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Long Beach, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Peter L. Eleey Esq., Law Office of Peter L. Eleey, 304 Victory Rd., Quincy, MA 02171

Attorneys (If Known) Jonathan Sablone, J. Christopher Allen, Christine Vargas Suthoff, Nixon Peabody, 100 Summer St., Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

MA and CA

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Tort

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Greater than $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  May 11, 2005
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __McCue v. Earth Tech, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan Sablone, J. Christopher Allen, Christine Vargas Suthoff__
ADDRESS __Nixon Peabody, LLP, 100 Summer Street, Boston, MA  02110__
TELEPHONE NO. __(617) 345-1000__

(CategoryForm.wpd -5/2/05)