UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW A. MCCUE,<br><br>Plaintiff,<br><br>v.<br><br>EARTH TECH, INC., and<br>TAMS CONSULTING, INC.<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>05 cv 10974 NMG |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed.R.Civ.P. 7(a) and 8, the defendant Earth Tech, Inc. and the defendant improperly named in the Complaint TAMS CONSULTING, INC., and properly named TAMS Consultants, Inc. (collectively "Earth Tech") hereby respond to plaintiff Matthew A. McCue's (hereinafter "Plaintiff") Complaint as follows:

1.  Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.  Earth Tech admits that it is a corporation with a place of business in Concord, Massachusetts. Except as admitted herein, the allegations of Paragraph 2 are denied.

3.  Earth Tech admits that TAMS Consultants, Inc. has a place of business in Concord, Massachusetts. Further answering, Earth Tech states that the proper name of the defendant is in fact TAMS Consultants, Inc., rather than TAMS Consulting, Inc. Except as admitted herein, the allegations of Paragraph 3 are denied.

4.  Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Earth Tech admits the allegations in Paragraph 5 of the Complaint, with the exception of the characterization of the travel lanes on Concord Avenue as being divided by "a median," which is denied.

6. Earth Tech admits the allegations set forth in Paragraph 6 of the Complaint, with the exception of the characterization regarding "a median," which is denied.

7. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Earth Tech admits that TAMS Consultants, Inc. performed work at the site. Insofar as the allegations contained in Paragraph 15 concern written agreements, any such

agreements speak for themselves. Except as admitted herein, the allegations of Paragraph 15 are denied.

16. Paragraph 16 of the Complaint contains allegations regarding written documents which speak for themselves.

17. Denied.

18. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a conclusion of law which requires no response. To the extent that Paragraph 19 states substantive allegations, they are denied.

20. Admitted. Answering further, Earth Tech states that the design did allow sufficient time for pedestrians to cross the entirety of Concord Avenue before motor vehicles could proceed.

21. Denied.

22. Denied.

23. Denied.

24. Earth Tech admits that there was no mechanism to allow the plaintiff to activate "traffic/pedestrian lights" from the center of the road. Earth Tech denies the characterization regarding "the median." Except as expressly admitted herein, the allegations in Paragraph 24 of the Complaint are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a cause of action against Earth Tech upon which relief can be granted.

### Second Defense

Plaintiff's Complaint is barred by the applicable statutes of limitation.

### Third Defense

Plaintiff had full knowledge of, accepted, and assumed all risks and possible adverse effects related to crossing a street. Plaintiff's recovery, therefore, is barred, diminished, reduced, or offset under the principles of assumption of the risk.

### Fourth Defense

Plaintiff's claims against Earth Tech may be barred, or Plaintiff's alleged damages may be reduced, under the doctrine of comparative negligence as set forth in M.G.L. c. 231, §85.

### Fifth Defense

Plaintiff's alleged damages, if any, may have been caused by, or were the result of, independent, intervening, and/or superseding forces and or actions or inactions of third parties over whom Earth Tech had no control or right of control.

### Sixth Defense

Plaintiff's claims against Earth Tech may be barred, or Plaintiff's alleged damages may be reduced, because the risks associated with crossing Concord Avenue were unavoidable or unforeseeable at the time of Plaintiff's alleged injuries.

### Seventh Defense

Plaintiff failed to mitigate his damages, if any, despite full knowledge of them.

### Eighth Defense

Plaintiff's claims against Earth Tech are equitably barred because Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Earth Tech.

### Ninth Defense

Plaintiff's claims against Earth Tech are barred by the doctrines of laches, waiver, and estoppel.

### Tenth Defense

Plaintiff's claims against Earth Tech are barred due to Earth Tech's compliance with governmental specifications, regulations and requirements.

### Eleventh Defense

Plaintiff's claims against Earth Tech are barred due to Earth Tech's compliance with industry specifications and requirements.

### Twelfth Defense

Earth Tech reserves the right to assert additional affirmative defenses as discovery progresses.

**WHEREFORE**, Earth Tech respectfully requests that this Court:

1. Dismiss the Complaint with prejudice;
2. Enter judgment in Earth Tech's favor on all counts against it;
3. Award Earth Tech its costs and attorney's fees; and
4. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Earth Tech hereby demands a trial by jury on all claims and issues so triable, and on all of its defenses asserted thereto.

Respectfully submitted,

EARTH TECH, INC. and
TAMS CONSULTANTS, INC.

By their attorneys,

Jonathan Sablone (BBO No. 632998)
J. Christopher Allen, Jr. (BBO No. 648381)
Christine Vargas Suthoff (BBO No. 658916)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 11, 2005

## CERTIFICATE OF SERVICE

I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served by first class mail and via fax upon plaintiff's counsel of record, this 11th day of May, 2005.

Christine Vargas Suthoff