**MICV2005-01319**


**MATTHEW A. MCCUE**


**v.**


**EARTH TECH, INC, ET AL**


**\*\*\*\*REMOVED TO US DISTRICT COURT\*\*\*\***

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01319

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 15th of April, in the year of our Lord, Two Thousand Five



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 11th of May, in the year of our Lord, Two Thousand Five

*Anne M. Cherubino*
Deputy Assistant Clerk

3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT DEPARTMENT

MATTHEW A. MCCUE,

            Plaintiff,

v.                                               CIVIL ACTION NO. 05-1319

EARTH TECH, INC., and
TAMS CONSULTING, INC.

            Defendants.



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 1 1 2005

CLERK

## NOTICE OF FILING FOR REMOVAL

TO:  Civil Clerk                          Peter L. Eleey, Esq.
     Middlesex Superior Court             Law Office of Peter L. Eleey
     40 Thorndike Street                  304 Victory Road
     Cambridge, MA  02141                 Marina Bay
                                          Quincy, MA  02171

        PLEASE TAKE NOTICE that defendants, Earth Tech, Inc. and the defendant improperly

named in the Complaint TAMS CONSULTING, INC., and properly named TAMS Consultants,

Inc., on the 11th day of May 2005, filed in the United States District Court for the District of

Massachusetts, a Notice of Removal in the above-captioned case, a copy of which is attached

hereto as Exhibit A and incorporated herein by reference.  Pursuant to 28 U.S.C. § 1446(d), the

filing of this notice stays all proceedings in this Court.

Respectfully submitted,

EARTH TECH, INC. and
TAMS CONSULTANTS, INC.

By their attorneys,

Jonathan Sablone (BBO No. 632998)
J. Christopher Allen, Jr. (BBO No. 648381)
Christine Vargas Suthoff (BBO No. 658916)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 11, 2005

-2-

## **CERTIFICATE OF SERVICE**

I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served by first class mail and via fax upon plaintiff's counsel of record, this 11th day of May, 2005.

Christine Vargas Suthoff

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 MAY 11   P 1: 06

I hereby certify that the
foregoing document is a full, true, and correct copy of the
☐ electronically filed original document
☐ electronically filed copy of the original document in my office use
☐ electronically filed original filed in my office

By:_____
Deputy Clerk

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| MATTHEW A. MCCUE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. _____ |
| EARTH TECH, INC., and TAMS CONSULTING, INC. | |
| Defendants. | 05 CV 10974 NMG |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Earth Tech, Inc., and

Tams Consultants, Inc. (collectively "Earth Tech" or "Defendants"), hereby file this Notice of

Removal of the above captioned case from the Superior Court Department, Middlesex County,

where it is denominated as Civil Action No. 05-1319, to the United States District Court for the

District of Massachusetts. As grounds for this removal, Earth Tech states as follows:

1.   On or about April 15, 2005, plaintiff Matthew A. McCue ("Plaintiff") filed his complaint

in this action in the Superior Court Department of Middlesex County (hereinafter "Complaint").

A true and accurate copy of the Complaint is attached hereto as Exhibit 1.

2.   The Complaint names as defendants Earth Tech, Inc., and in error, TAMS

CONSULTING, INC., where the actual name of the company is TAMS Consultants, Inc.

3.   A copy of the Complaint and summons were served upon Earth Tech, Inc. on or about

April 21, 2005.

4.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

BOS1490056.1

5.    Earth Tech will provide notice of the removal of this action to Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, Middlesex County, by filing a Notice of Filing for Removal with said court, and by serving copies of the same on Plaintiff.

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7.    Plaintiff alleges in the Complaint that he is a resident of Massachusetts. Complaint 1. Therefore, upon information and belief, Plaintiff is, and at all relevant times was, a citizen of Massachusetts.

8.    Earth Tech, Inc. is, and at the time of this action was commenced was, a California corporation with a principal place of business in Long Beach, California. TAMS Consultants, Inc. is, and at the time this action was commenced was, a New York corporation with a principal place of business in Long Beach, California.

9.    Complete diversity of citizenship exists among Plaintiff and Defendants because they are citizens of different states.

10.    Without admitting, and expressly denying, the validity of Plaintiff's causes of action, the amount in controversy, based upon information and belief, exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

11.    By this Notice of Removal, neither Earth Tech nor TAMS waives, and expressly reserves, its right to contest service of process, personal jurisdiction, and the sufficiency of the Complaint.

12.    In accordance with Local Rule 81.1, the Defendants will, within thirty (30) days, file with this Court attested copies of all records, proceedings and docket entries in the state court.

2

**WHEREFORE**, this action should be removed to the United States District Court for the

District of Massachusetts.

Respectfully submitted,

EARTH TECH, INC. and
TAMS CONSULTANTS, INC.

By their attorneys,

Jonathan Sablone (BBO No. 632998)
J. Christopher Allen, Jr. (BBO No. 648381)
Christine Vargas Suthoff (BBO No. 658916
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 11, 2005

## **CERTIFICATE OF SERVICE**

I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served by first class mail and via fax upon plaintiff's counsel of record, this 11th day of May, 2005.

Christine Vargas Suthoff

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT
                                                           CIVIL ACTION NO.

| | |
|---|---|
| MATTHEW A. MCCUE, | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| EARTH TECH, INC., and | ) |
| TAMS CONSULTING, INC., | ) |
| Defendants | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

### FACTS

1.  The plaintiff, Matthew McCue, is an adult who resides at 697 East 8th Street, South Boston, Suffolk County, Massachusetts.

2.  The defendant, Earth Tech, Inc. ("Earth Tech"), is a corporation with a usual place of business at 300 Baker Avenue, Concord, Middlesex County, Massachusetts.

3.  The defendant, TAMS Consulting, Inc. ("TAMS"), was a corporation with a usual place of business at all times relevant to this litigation at 38 Chauncy Street, Boston, Suffolk County, Massachusetts

4.  On or about April 17, 2002, at roughly 8:25 p.m., the plaintiff, Matthew McCue, was a pedestrian who was attempting to cross the street at or near 515 Concord Avenue in Cambridge, Massachusetts.

5.  At that location, Concord Avenue has four lanes for vehicular traffic, with two travel lanes going eastbound and two travel lanes going westbound, which are divided by a median.

6.  On or about April 17, 2002, there was a traffic/pedestrian crossing light and a crosswalk which cut across the travel lanes and through the median at or near this location.

7.  Mr. McCue had crossed the two westbound travel lanes but had to stop at the median, because the traffic/pedestrian lights had changed to permit vehicular traffic to proceed again eastbound on Concord Avenue.

8. While Mr. McCue was standing in the median, a pick-up truck operated by Richard Brogan of Salem, Massachusetts, stopped to let the plaintiff finish crossing the street.

9. After crossing in front of Mr. Brogan's truck, Mr. McCue attempted to continue to cross the eastbound travel lanes.

10. A vehicle operated by Santos Villanueva of Boston, Massachusetts, was then proceeding in the eastbound lane second from the median.

11. The vehicle operated by Mr. Villanueva then struck Mr. McCue.

12. As a result of this accident, Mr. McCue suffered serious and permanent injuries, including but not limited to, a right frontal and temporal intraparenchymal hemorrhage, right subdural hematoma, right subarachnoid hemorrhage, closed head injury, and right fibula fracture.

13. As a result of the injuries he suffered in this accident, Mr. McCue was hospitalized for an extended period of time.

14. As a result of his injuries suffered in this accident, Mr. McCue has incurred significant medical expenses, lost wages, loss of his earning capacity, permanent cognitive impairment, and other injuries, harm, loss and damages.

15. At the time of and prior to this accident, the defendant, TAMS, had been hired to design, and/or participate in overseeing the construction of, the crosswalk and traffic/pedestrian lights at the location where Mr. McCue's accident occurred.

16. TAMS' design included, inter alia, establishing the timing sequence when the traffic/pedestrian traffic lights would change, where the lights and activating mechanisms would be placed, how the lights would be activated, and where the pedestrian crossing would be located.

17. TAMS was bought or otherwise acquired by Earth Tech, which is legally responsible for any negligence by TAMS in these circumstances.

18. The traffic/pedestrian light and crosswalk at or near 515 Concord Avenue in Cambridge were part of a much bigger project which was intended and designed to attract people to the Fresh Pond area.

19. In designing and overseeing, at least in part, the construction of this traffic/pedestrian light and crosswalk, TAMS/EarthTech owed members of the public, including Matthew McCue, a duty to do so in a manner which was not negligent.

20.    This traffic/pedestrian light was intended, and should have been designed, to permit pedestrians to cross the entirety of Concord Avenue before motor vehicles could then proceed.

21.    The traffic/pedestrian light at or near 515 Concord Avenue in Cambridge was defective on April 17, 2002, in that it did not require vehicular traffic on this four-lane road to stop for a sufficient period of time to permit pedestrians to cross this street completely.

22.    · Because this traffic/pedestrian light was defective, TAMS/Earth Tech breached its duty of care owed to the plaintiff.

23.    Because this traffic/pedestrian light was defective in that it did not permit Mr. McCue sufficient time to completely cross Concord Avenue, the plaintiff found himself in a narrow median between four lanes of vehicular traffic at night.

24.    On April 17, 2002, there was no mechanism which would allow the plaintiff to activate the traffic/pedestrian lights while he was on the median.

25.    The lack of a mechanism to permit a pedestrian to activate the light from the median constitutes a defect or error in the design and/or construction of this traffic control configuration.

26.    On April 17, 2002, there were insufficient signs warning motorists of new traffic/pedestrian light, and insufficient or unclear instructions to pedestrians concerning these lights.

27.    The lack of a mechanism to permit a pedestrian to activate the light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians, individually or collectively, created a situation which was dangerous to the plaintiff and constituted negligence on the part of TAMS/Earth Tech.

28.    The lack of a mechanism to permit a pedestrian to activate the traffic light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians was or were a substantial contributing cause of the accident which resulted in the plaintiff's serious and permanent injuries.

29.    Because of the negligence of TAMS/Earth Tech, the plaintiff suffered serious bodily injuries and other harm for which he is entitled to recover.

WHEREFORE, the plaintiff, Matthew McCue, demands judgment, from the

-3-

defendants, TAMS Consulting, Inc. and/or EarthTech, Inc., for all sums adjudged owing to him to compensate him for all damages flowing from this accident.

**THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Plaintiff,
Matthew McCue,
By his attorneys,

Peter L. Eleey, BBO#152740
William P. Rose, BBO#557000
Law Office of Peter L. Eleey
304 Victory Road
Marina Bay
Quincy, MA 02171
(617) 770-1000

Dated: April 15, 2005

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.

**05-1319**

MATTHEW A. MCCUE,
    Plaintiff

vs.

EARTH TECH, INC., and
TAMS CONSULTING, INC.,
    Defendants

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

APR 15 2005

Edward J. Sullivan
CLERK

| | |
|---|---|
| 6315E000004/15/05CIVIL | 240.00 |
| 6315E000004/15/05SUR CHARGE | 15.00 |
| 6315E000004/15/05SUMMONS | 10.00 |
| 6315E000004/15/05SECC | 20.00 |

**COMPLAINT AND JURY DEMAND**

## FACTS

1.    The plaintiff, Matthew McCue, is an adult who resides at 697 East 8th Street, South Boston, Suffolk County, Massachusetts.

2.    The defendant, Earth Tech, Inc. ("Earth Tech"), is a corporation with a usual place of business at 300 Baker Avenue, Concord, Middlesex County, Massachusetts.

3.    The defendant, TAMS Consulting, Inc. ("TAMS"), was a corporation with a usual place of business at all times relevant to this litigation at 38 Chauncy Street, Boston, Suffolk County, Massachusetts

4.    On or about April 17, 2002, at roughly 8:25 p.m., the plaintiff, Matthew McCue, was a pedestrian who was attempting to cross the street at or near 515 Concord Avenue in Cambridge, Massachusetts.

5.    At that location, Concord Avenue has four lanes for vehicular traffic, with two travel lanes going eastbound and two travel lanes going westbound, which are divided by a median.

6.    On or about April 17, 2002, there was a traffic/pedestrian crossing light and a crosswalk which cut across the travel lanes and through the median at or near this location.

7.    Mr. McCue had crossed the two westbound travel lanes but had to stop at the median, because the traffic/pedestrian lights had changed to permit vehicular traffic to proceed again eastbound on Concord Avenue.

8.    While Mr. McCue was standing in the median, a pick-up truck operated by
      Richard Brogan of Salem, Massachusetts, stopped to let the plaintiff finish
      crossing the street.

9.    After crossing in front of Mr. Brogan's truck, Mr. McCue attempted to continue to
      cross the eastbound travel lanes.

10.   A vehicle operated by Santos Villanueva of Boston, Massachusetts, was then
      proceeding in the eastbound lane second from the median.

11.   The vehicle operated by Mr. Villanueva then struck Mr. McCue.

12.   As a result of this accident, Mr. McCue suffered serious and permanent injuries,
      including but not limited to, a right frontal and temporal intraparenchymal
      hemorrhage, right subdural hematoma, right subarachnoid hemorrhage, closed
      head injury, and right fibula fracture.

13.   As a result of the injuries he suffered in this accident, Mr. McCue was
      hospitalized for an extended period of time.

14.    As a result of his injuries suffered in this accident, Mr. McCue has incurred
      significant medical expenses, lost wages, loss of his earning capacity, permanent
      cognitive impairment, and other injuries, harm, loss and damages.

15.   At the time of and prior to this accident, the defendant, TAMS, had been hired to
      design, and/or participate in overseeing the construction of, the crosswalk and
      traffic/pedestrian lights at the location where Mr. McCue's accident occurred.

16.   TAMS' design included, inter alia, establishing the timing sequence when the
      traffic/pedestrian traffic lights would change, where the lights and activating
      mechanisms would be placed, how the lights would be activated, and where the
      pedestrian crossing would be located.

17.   TAMS was bought or otherwise acquired by Earth Tech, which is legally
      responsible for any negligence by TAMS in these circumstances.

18.   The traffic/pedestrian light and crosswalk at or near 515 Concord Avenue in
      Cambridge were part of a much bigger project which was intended and designed
      to attract people to the Fresh Pond area.

19.   In designing and overseeing, at least in part, the construction of this
      traffic/pedestrian light and crosswalk, TAMS/EarthTech owed members of the
      public, including Matthew McCue, a duty to do so in a manner which was not
      negligent.

2

20.     This traffic/pedestrian light was intended, and should have been designed, to permit pedestrians to cross the entirety of Concord Avenue before motor vehicles could then proceed.

21.     The traffic/pedestrian light at or near 515 Concord Avenue in Cambridge was defective on April 17, 2002, in that it did not require vehicular traffic on this four-lane road to stop for a sufficient period of time to permit pedestrians to cross this street completely.

22.     Because this traffic/pedestrian light was defective, TAMS/Earth Tech breached its duty of care owed to the plaintiff.

23.     Because this traffic/pedestrian light was defective in that it did not permit Mr. McCue sufficient time to completely cross Concord Avenue, the plaintiff found himself in a narrow median between four lanes of vehicular traffic at night.

24.     On April 17, 2002, there was no mechanism which would allow the plaintiff to activate the traffic/pedestrian lights while he was on the median.

25.     The lack of a mechanism to permit a pedestrian to activate the light from the median constitutes a defect or error in the design and/or construction of this traffic control configuration.

26.     On April 17, 2002, there were insufficient signs warning motorists of new traffic/pedestrian light, and insufficient or unclear instructions to pedestrians concerning these lights.

27.     The lack of a mechanism to permit a pedestrian to activate the light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians, individually or collectively, created a situation which was dangerous to the plaintiff and constituted negligence on the part of TAMS/Earth Tech.

28.     The lack of a mechanism to permit a pedestrian to activate the traffic light from the median, the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, the lack of sufficient warnings for motorists, and/or the lack of sufficient instructions to pedestrians was or were a substantial contributing cause of the accident which resulted in the plaintiff's serious and permanent injuries.

29.     Because of the negligence of TAMS/Earth Tech, the plaintiff suffered serious bodily injuries and other harm for which he is entitled to recover.

        WHEREFORE, the plaintiff, Matthew McCue, demands judgment, from the

3

defendants, TAMS Consulting, Inc. and/or EarthTech, Inc., for all sums adjudged owing to him to compensate him for all damages flowing from this accident.

**THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

                                        Plaintiff,
                                        Matthew McCue,
                                        By his attorneys,


                                        Peter L. Eleey, BBO#152740
                                        William P. Rose, BBO#557000
                                        Law Office of Peter L. Eleey
                                        304 Victory Road
                                        Marina Bay
                                        Quincy, MA 02171
                                        (617) 770-1000

Dated: April 15, 2005

4

CIVIL ACTION
COVER SHEET

05-1319

Trial Court of Massachusetts
Superior Court Department
County: **Middlesex**

| | |
|---|---|
| PLAINTIFF(S)<br>Matthew A. McCue | DEFENDANT(S)<br>Earthtech, Inc. and<br>Tams Consulting, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 770-1000<br>Peter L. Eleey, BBO 152740<br>William P. Rose, BBO 557000<br>Law Office of Peter L. Eleey, 304 Victory<br>Board of Bar Overseers number: Road, Quincy, MA 02171 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence<br>Personal Injury | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $.42,448.9
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $.*tbd.....
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . $.*tbd.....
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . $.*tbd.....
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . $.*tbd.....
   Subtotal $...........
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . $.*tbd.....
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . $...........
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $.*tbd.....
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . $.*tbd.....
F. Other documented items of damages (describe)
   $.*tbd......
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Traumatic brain injury and leg and skull fractures

   $.*tbd......
   *to be determined     TOTAL $.*tbd......

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR ___ MIDDLESEX
APR 15 2005
Edward J. Sullivan
CLERK

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT **McCue v. P. Gioioso & Sons, Inc., et. al, MICV 2004-00255**

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/15/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

1AS-2004 1213
ilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/12/2005
09:55 AM

# MICV2005-01319
## McCue v Earth Tech, Inc et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/15/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 05/11/2005 | **Session** | K - Cv K (9A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 07/14/2005 | **Answer** | 09/12/2005 | **Rule12/19/20** | 09/12/2005 | |
| **Rule 15** | 09/12/2005 | **Discovery** | 02/09/2006 | **Rule 56** | 03/11/2006 | |
| **Final PTC** | 04/10/2006 | **Disposition** | 06/09/2006 | **Jury Trial** | Yes | |

**PARTIES**

**Plaintiff**
Matthew A McCue
Active 04/15/2005

**Private Counsel 152740**
Peter L Eleey
Eleey Law Offices (Peter L)
304 Victory Road
Marina Bay
Quincy, MA 02171
Phone: 617-770-1000
Fax: 617-773-7237
Active 04/15/2005 Notify

**Defendant**
Earth Tech, Inc
300 Baker Avenue
Concord, MA 01742
Service pending 04/15/2005

**Private Counsel 632998**
Jonathan Sablone
Nixon Peabody
101 Federal Street
Boston, MA 02110-2131
Phone: 617-345-1000
Fax: 345-1300
Active 05/11/2005 Notify

**Private Counsel 648381**
J Christopher Allen, Jr
Nixon Peabody
101 Federal Street
Boston, MA 02110-1832
Phone: 617-345-1000
Fax: 617-345-1000
Active 05/11/2005 Notify

**Private Counsel 658916**
Christine Vargas-Suthoff
Nixon Peabody
101 Federal Street
Boston, MA 02110
Phone: 617-345-1149
Fax: 866-947-3971
Active 05/11/2005 Notify

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/12/2005
09:55 AM

# MICV2005-01319
## McCue v Earth Tech, Inc et al

| | |
|---|---|
| **Defendant**<br>Tams Consulting, Inc<br>38 Chauncy Street<br>Served: 04/28/2005<br>Served (answr pending) 04/28/2005 | **Private Counsel 632998**<br>Jonathan Sablone<br>Nixon Peabody<br>101 Federal Street<br>Boston, MA 02110-2131<br>Phone: 617-345-1000<br>Fax: 345-1300<br>Active 05/11/2005 Notify |
| | **Private Counsel 648381**<br>J Christopher Allen, Jr<br>Nixon Peabody<br>101 Federal Street<br>Boston, MA 02110-1832<br>Phone: 617-345-1000<br>Fax: 617-345-1000<br>Active 05/11/2005 Notify |
| | **Private Counsel 658916**<br>Christine Vargas-Suthoff<br>Nixon Peabody<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-345-1149<br>Fax: 866-947-3971<br>Active 05/11/2005 Notify |

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 4/15/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 4/15/2005 | | Origin 1, Type B04, Track F. |
| 5/09/2005 | 2.0 | SERVICE RETURNED: Tams Consulting, Inc.(Defendant) 4-28-05 In hd 38 Chauncy St, Boston MA 02108 |
| 5/11/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by defts Earth Tech, Inc and Tams Consulting, Inc |
| 5/11/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

*K*

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX , ss
[seal]

No.

*2*

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 9 2005

Edward J. Sullivan
CLERK

Matthew A. McCue , Plaintiff(s)

**05-1319**

v.

Earth Tech, Inc. and , Defendant(s)
TAMS Consulting, Inc.

## SUMMONS

To the above-named Defendant:    TAMS Consulting, Inc.

You are hereby summoned and required to serve upon Peter L. Eleey, Esq., Law Office of Peter L. Eleey plaintiff's attorney, whose address is 304 Victory Road, Quincy, MA 02171 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...................................... Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, ~~Suzanne V. DelVecchio~~, Esquire, at Quincy

the 19th day of April

...................., in the year of our Lord 2005.

Edward J. Sullivan
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001