UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW A. MCCUE,<br>  Plaintiff<br><br>vs.<br><br>EARTH TECH, INC., and<br>TAMS CONSULTING, INC.,<br>  Defendants | )<br>)<br>)<br>)   CIVIL ACTION NO. 05CV10974NMG<br>)<br>)<br>)<br>)<br>) |

## MOTION TO REMAND

Pursuant to 28 U.S.C. 1447, the Plaintiff, Matthew A. McCue, hereby respectfully moves that this Court remand this action to the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County. In support of this motion, the Plaintiff states the following.

This litigation arises out of an accident, which occurred on Concord Avenue in Cambridge, Massachusetts. The Plaintiff, who was in the crosswalk and had previously activated the traffic control signals at this location, was nevertheless hit by a vehicle as he attempted to cross Concord Avenue. Mr. McCue alleges that this accident was caused by the design and/or construction of the traffic controls and pedestrian crossing.

Mr. McCue originally commenced an action in Middlesex Superior Court against SEA Consultants and P. Gioioso & Sons, Inc., whom he understood to be the overall designer and general contractor of the construction project which included these lights and pedestrian crossing. (A copy of the Complaint in that action is attached hereto as Exhibit A.) During discovery, the defendants in that case identified TAMS Consultants,

Inc., as having designed the particular traffic lights and pedestrian crossing where the Plaintiff's accident occurred. Thereafter, Plaintiff's counsel learned that TAMS was acquired by Earth Tech, Inc. Given these circumstances, the Plaintiff sought to assert claims against TAMS/EarthTech.[1]

However, because the time standard for adding a new party had passed in the state court action, the Plaintiff served a motion on the other parties to extend the time to amend his Complaint. (A copy of this motion is attached hereto as Exhibit B.) On May 12, 2005, the Massachusetts Trial Court allowed the Plaintiff's motion, which would allow him to file an Amended Complaint until May 31, 2005. (A copy of the notice of the Court's allowance of this motion is attached hereto as Exhibit C.)

While these developments were taking place and to avoid any statute of limitations issues, the Plaintiff had commenced a separate action in the Middlesex Superior Court against TAMS/EarthTech. With the Complaint, the Plaintiff filed the required Civil Action Cover Sheet, which identified the Plaintiff's pending lawsuit against Gioioso and SEA Consultants. (A copy of the Civil Action Cover Sheet is attached thereto as Exhibit D.) After the Complaint was served upon TAMS/EarthTech, it filed a Notice of Removal to this Court.

With its Notice, the Defendant also filed its "Answer and Affirmative Defenses", which included the affirmative defense that the "Plaintiff failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Earth Tech." (See Defendant's Answer and Affirmative Defenses, attached hereto as Exhibit E, p. 5.)

---

[1] City Lights Electrical Co., Inc., was identified during discovery as having constructed the traffic light. It is now a third-party defendant, and the plaintiff intends to assert a direct claim against City Lights as well.

Assuming that this were true, the proper recourse would be to add as additional defendants Goioso, SEA, and City Lights, all of which (along with TAMS) the Plaintiff claims were involved in the construction, design and approval of the pedestrian crossing and traffic controls. However, in such circumstances, there would not be complete diversity of citizenship. With no federal question to litigate, this Court would lack subject matter jurisdiction.

Furthermore, it would promote judicial economy, avoid the possibility of inconsistent results, and preclude the need for duplicative discovery and possibly two trials, if this motion to remand were granted.

For all of the above reasons, the Plaintiff respectfully requests that this Court grant this motion.

                                             Plaintiff,
                                             Matthew McCue,
                                             By his attorneys,

                                             _____
                                             Peter L. Eleey, BBO#152740
                                             William P. Rose, BBO#557000
                                             Law Office of Peter L. Eleey
                                             304 Victory Road
                                             Marina Bay
                                             Quincy, MA 02171
                                             (617) 770-1000

Dated: May 16, 2005

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                                                  SUPERIOR COURT
                                                                                                CIVIL ACTION NO.

| | |
|---|---|
| MATTHEW A. MCCUE, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| P. GIOIOSO & SONS, INC., and | ) |
| SEA CONSULTANTS, | ) |
| Defendants | ) |
| | ) |

## **COMPLAINT AND JURY DEMAND**

### FACTS

1. The plaintiff, Matthew McCue, is an adult who resided, at all times material hereto, at 83 Lowell Avenue, Newtonville, Middlesex County, Massachusetts.

2. The defendant, P. Gioioso & Sons, Inc. ("Gioioso"), is a Massachusetts corporation with a usual place of business at 50 Sprague Place, Hyde Park, Suffolk County, Massachusetts.

3. The defendant, SEA Consultants ("SEA"), is a Massachusetts business with a usual place of business at 485 Massachusetts Avenue, Cambridge, Middlesex County, Massachusetts.

4. On or about April 17, 2002, at roughly 8:25 p.m., the plaintiff, Matthew McCue, was a pedestrian who was attempting to cross the street at or near 515 Concord Avenue in Cambridge, Massachusetts.

5. At that location, Concord Avenue has four lanes for vehicular traffic, with two travel lanes going eastbound and two travel lanes going westbound, which are divided by a median.

6. On or about April 17, 2002, there was a pedestrian crossing light and a crosswalk which cuts across the travel lanes and through the median at or near this location.

7. Mr. McCue had crossed the two westbound travel lanes but had to stop at the median, because the traffic lights had changed to permit vehicular traffic to proceed again eastbound on Concord Avenue.

8. While Mr. McCue was standing in the median, a pick-up truck operated by Richard Brogan of Salem, Massachusetts, stopped to let the plaintiff finish crossing the street.

9. After crossing in front of Mr. Brogan's truck, Mr. McCue attempted to continue to cross the eastbound travel lanes.

10. A vehicle operated by Santos Villanueva of Boston, Massachusetts, was then proceeding in the eastbound lane second from the median.

11. The vehicle operated by Mr. Villanueva then struck Mr. McCue.

12. As a result of this accident, Mr. McCue suffered serious and permanent injuries, including but not limited to, a right frontal and temporal intraparenchymal hemorrhage, right subdural hematoma, right subarachnoid hemorrhage, closed head injury, and right fibula fracture.

13. As a result of the injuries he suffered in this accident, Mr. McCue was hospitalized for an extended period of time.

14. As a result of his injuries suffered in this accident, Mr. McCue has incurred significant medical expenses, lost wages, loss of his earning capacity, permanent cognitive impairment, and other injuries, harm, loss and damages.

15. At the time of and prior to this accident, the defendant, Gioioso, was the general contractor for a construction project which included renovations, repairs or additions to the portion of Concord Avenue in Cambridge, Massachusetts where this accident occurred.

16. At the time of and prior to this accident, the defendant, SEA, was a consultant for the construction project which included renovations, repairs or additions to the portion of Concord Avenue in Cambridge, Massachusetts where this accident occurred.

17. The pedestrian and vehicular traffic light at or near 515 Concord Avenue in Cambridge was among the renovations, repairs, or additions undertaken by the defendants, Gioioso and SEA, in connection with this project.

18. In designing, constructing, and/or approving this pedestrian and vehicular traffic light, the defendants, Gioioso and SEA, owed members of the public, including Matthew McCue, a duty to do so in a manner which was not negligent.

19. This pedestrian and vehicular traffic light should have been designed to permit pedestrians to cross the entirety of Concord Avenue before motor vehicles could then proceed.

20. The pedestrian and vehicular traffic light at or near 515 Concord Avenue in Cambridge was defective on April 17, 2002, in that it did not require vehicular traffic on this four-lane road to stop for a sufficient period of time to permit pedestrians to cross this street completely.

21. Because this pedestrian and vehicular traffic light was defective, the defendants breached their duty of care owed to the plaintiff.

22. Because this traffic light was defective in that it did not permit Mr. McCue sufficient time to completely cross Concord Avenue, the plaintiff found himself in a narrow median between four lanes of vehicular traffic at night.

23. On April 17, 2002, there also was no mechanism which would have allowed the plaintiff to activate the traffic lights while he was on the median.

24. The lack of a mechanism to permit a pedestrian to activate the light from the median constitutes a defect or error in the design, construction or approval of this traffic control configuration.

25. The lack of a mechanism to permit a pedestrian to activate the light from the median and/or the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue, individually or collectively, created a situation which was dangerous to the plaintiff and constituted negligence on the part of the defendants.

25. The lack of a mechanism to permit a pedestrian to activate the traffic light from the median and/or the design and construction of the light so as to not allow a pedestrian sufficient time to cross Concord Avenue was or were a substantial contributing cause of the accident which resulted in the plaintiff's serious and permanent injuries.

26. Because of the defendants' negligence, either individually or jointly and severally, the plaintiff suffered serious bodily injuries and other harm for which he is entitled to recover.

WHEREFORE, the plaintiff, Matthew McCue, demands judgment, from the defendants, P. Gioioso & Sons, Inc., and/or SEA Consultants, individually or jointly and severally, for all sums adjudged owing to him to compensate him for all damages flowing from this accident.

**THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Plaintiff,
Matthew McCue,
By his attorneys,

_____
Peter L. Eleey, BBO#152740
William P. Rose, BBO#557000
Law Office of Peter L. Eleey
304 Victory Road
Marina Bay
Quincy, MA 02171
(617) 770-1000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    TRIAL COURT
                                                  SUPERIOR COURT
                                                  C.A. NO. 04-00255-J

| | |
|---|---|
| MATTHEW A. MCCUE, )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>SEA CONSULTANTS, )<br>    Defendant, )<br>and )<br>P. GIOIOSO & SONS, INC., )<br>    Defendant and )<br>    Third-Party Plaintiff, )<br> )<br>vs. )<br> )<br>City Lights Electrical Co., Inc., )<br>    Third-Party Defendant ) | **PLAINTIFF'S MOTION TO AMEND<br>TRACKING ORDER DEADLINES** |

This litigation arises out of an accident, which allegedly occurred on Concord Avenue in Cambridge, Massachusetts. The Plaintiff claims that Defendants and Third-Party Defendant designed and/or constructed renovations or improvements to the Fresh Pond area of Cambridge, which included Concord Avenue. This construction project cost several millions of dollars and involved the Metropolitan District Commission, the City of Cambridge, and the Massachusetts Highway Department, as well as numerous other contractors, designers, and consultants.

During discovery, City Lights Electrical Company, Inc., was identified as the subcontractor which constructed the traffic lights and pedestrian crossing where the plaintiff's accident allegedly occurred. City Lights Electrical was recently added as a Third-Party Defendant. The plaintiff has noticed the deposition of City Lights Electrical's representative, and has requested the production of documents from this new party, but this discovery has not been done to date, through no fault of counsel for any of the parties.

Additionally, the plaintiff has determined that another entity was involved in the design of the crosswalk and signal, intends to join it as a party to this action and is attempting to locate its former employees for depositions. In addition, the plaintiff intends to assert a direct claim against City Lights Electrical Company as well.

Because City Lights Electrical Company has just recently been added as a party, and since another party is expected to be added, additional time to complete discovery is warranted. Extending discovery deadlines to permit the plaintiff to assert his claims against all potential parties and to permit those parties to properly prepare their claims and defenses in this litigation would conserve judicial resources, consolidate all claims in one litigation, and not result in any prejudice to any party.

For all of the above reasons, the plaintiff requests that this Court amend the discovery schedule assigned to this case as follows:

| | |
|---|---|
| All motions under MRCP 15 filed by | May 31, 2005 |
| Discovery completed by | July 31, 2005 |
| All motions under MRCP 56 served by | August 31, 2005 |
| Final pre-trial conference by | September 30, 2005. |

All parties assent to extending the discovery and other deadlines as set forth in this motion.

Plaintiff, Matthew McCue,
By his Attorneys,

*/s/ William P. Rose*
Peter L. Eleey, B.B.O. No. 152740
William P. Rose, B.B.O. No. 557000
Law Offices of Peter L. Eleey
304 Victory Road
Quincy, MA 02171
Phone (617) 770-1000
Fax (617) 773-7237

Certificate of Service

I, William P. Rose, hereby certify that I served a true copy of the above document upon all attorneys of record for each party by mail on  4/13/05  .

*William P. Rose* (signature)
William P. Rose

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

Civil Docket **MICV2004-00255**

RE:   McCue v P. Gioioso & Sons, Inc. et al

TO:   Peter L Eleey, Esquire
      Eleey Law Offices (Peter L)
      304 Victory Road
      Marina Bay
      Quincy, MA 02171

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **05/12/2005**:

*RE: Plaintiff Matthew A. McCue's MOTION to amend tracking deadlines, affidavit of compliance with superior Court Rule 9a*

**is as follows:**

**MOTION (P#13) Motion ALLOWED. Dated 5/9/05. (Thomas A. Connors, Justice) Notices mailed May 12, 2005**

Dated at Cambridge, Massachusetts this 12th day of May, 2005.

                                                    Edward J. Sullivan,
                                                    Clerk of the Courts
                                  BY:

                                                    James Lynch
                                                    Assistant Clerk

Telephone: 617-494-4010 EXT 4274

Copies mailed 05/12/2005

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Middlesex | Docket Number |
|---|---|---|
| PLAINTIFF(S) Matthew A. McCue | DEFENDANT(S) Earthtech, Inc. and Tams Consulting, | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Board of Bar Overseers number: | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence Personal Injury | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................. $42,448.
 2. Total Doctor expenses ............................................. $* tbd
 3. Total chiropractic expenses ....................................... $
 4. Total physical therapy expenses ................................. $* tbd
 5. Total other expenses (describe) .................................. $* tbd
       Subtotal $
B. Documented lost wages and compensation to date ......................... $* tbd
C. Documented property damages to date .................................... $
D. Reasonably anticipated future medical and hospital expenses ............ $* tbd
E. Reasonably anticipated lost wages ...................................... $* tbd
F. Other documented items of damages (describe)
       $* tbd
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Traumatic brain injury and leg and skull fractures.

              * to be determined    $* tbd
                         TOTAL: $* tbd

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

              TOTAL    $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
McCue v. P. Gioioso & Sons, Inc., et al., MICV 2004-00255

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____  DATE: 4/15/05

A.O.S.C. 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW A. MCCUE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EARTH TECH, INC., and<br>TAMS CONSULTING, INC.<br><br>　　　　　Defendants. | CIVIL ACTION NO. _____ |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed.R.Civ.P. 7(a) and 8, the defendant Earth Tech, Inc. and the defendant improperly named in the Complaint TAMS CONSULTING, INC., and properly named TAMS Consultants, Inc. (collectively "Earth Tech") hereby respond to plaintiff Matthew A. McCue's (hereinafter "Plaintiff") Complaint as follows:

　　1.　　Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

　　2.　　Earth Tech admits that it is a corporation with a place of business in Concord, Massachusetts. Except as admitted herein, the allegations of Paragraph 2 are denied.

　　3.　　Earth Tech admits that TAMS Consultants, Inc. has a place of business in Concord, Massachusetts. Further answering, Earth Tech states that the proper name of the defendant is in fact TAMS Consultants, Inc., rather than TAMS Consulting, Inc. Except as admitted herein, the allegations of Paragraph 3 are denied.

　　4.　　Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  Earth Tech admits the allegations in Paragraph 5 of the Complaint, with the exception of the characterization of the travel lanes on Concord Avenue as being divided by "a median," which is denied.

6.  Earth Tech admits the allegations set forth in Paragraph 6 of the Complaint, with the exception of the characterization regarding "a median," which is denied.

7.  Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Earth Tech admits that TAMS Consultants, Inc. performed work at the site. Insofar as the allegations contained in Paragraph 15 concern written agreements, any such

agreements speak for themselves. Except as admitted herein, the allegations of Paragraph 15 are denied.

16. Paragraph 16 of the Complaint contains allegations regarding written documents which speak for themselves.

17. Denied.

18. Earth Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a conclusion of law which requires no response. To the extent that Paragraph 19 states substantive allegations, they are denied.

20. Admitted. Answering further, Earth Tech states that the design did allow sufficient time for pedestrians to cross the entirety of Concord Avenue before motor vehicles could proceed.

21. Denied.

22. Denied.

23. Denied.

24. Earth Tech admits that there was no mechanism to allow the plaintiff to activate "traffic/pedestrian lights" from the center of the road. Earth Tech denies the characterization regarding "the median." Except as expressly admitted herein, the allegations in Paragraph 24 of the Complaint are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a cause of action against Earth Tech upon which relief can be granted.

### Second Defense

Plaintiff's Complaint is barred by the applicable statutes of limitation.

### Third Defense

Plaintiff had full knowledge of, accepted, and assumed all risks and possible adverse effects related to crossing a street. Plaintiff's recovery, therefore, is barred, diminished, reduced, or offset under the principles of assumption of the risk.

### Fourth Defense

Plaintiff's claims against Earth Tech may be barred, or Plaintiff's alleged damages may be reduced, under the doctrine of comparative negligence as set forth in M.G.L. c. 231, §85.

### Fifth Defense

Plaintiff's alleged damages, if any, may have been caused by, or were the result of, independent, intervening, and/or superseding forces and or actions or inactions of third parties over whom Earth Tech had no control or right of control.

### Sixth Defense

Plaintiff's claims against Earth Tech may be barred, or Plaintiff's alleged damages may be reduced, because the risks associated with crossing Concord Avenue were unavoidable or unforeseeable at the time of Plaintiff's alleged injuries.

### Seventh Defense

Plaintiff failed to mitigate his damages, if any, despite full knowledge of them.

### Eighth Defense

Plaintiff's claims against Earth Tech are equitably barred because Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Earth Tech.

### Ninth Defense

Plaintiff's claims against Earth Tech are barred by the doctrines of laches, waiver, and estoppel.

### Tenth Defense

Plaintiff's claims against Earth Tech are barred due to Earth Tech's compliance with governmental specifications, regulations and requirements.

### Eleventh Defense

Plaintiff's claims against Earth Tech are barred due to Earth Tech's compliance with industry specifications and requirements.

### Twelfth Defense

Earth Tech reserves the right to assert additional affirmative defenses as discovery progresses.

WHEREFORE, Earth Tech respectfully requests that this Court:

1. Dismiss the Complaint with prejudice;
2. Enter judgment in Earth Tech's favor on all counts against it;
3. Award Earth Tech its costs and attorney's fees; and
4. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Earth Tech hereby demands a trial by jury on all claims and issues so triable, and on all of its defenses asserted thereto.

Respectfully submitted,

EARTH TECH, INC. and
TAMS CONSULTANTS, INC.

By their attorneys,

Jonathan Sablone (BBO No. 632998)
J. Christopher Allen, Jr. (BBO No. 648381)
Christine Vargas Suthoff (BBO No. 658916)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 11, 2005

## CERTIFICATE OF SERVICE

I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served by first class mail and via fax upon plaintiff's counsel of record, this 11th day of May, 2005.

*[signature]*
Christine Vargas Suthoff