UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW A. MCCUE, <br><br> Plaintiff, <br><br> v. <br><br> EARTH TECH, INC., and <br> TAMS CONSULTING, INC. <br><br> Defendants. | CIVIL ACTION NO. 05-cv-10974-NMG <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Earth Tech, Inc. and TAMS Consultants, Inc. (collectively "Earth Tech") hereby oppose Matthew McCue's ("Plaintiff") Motion to Remand on the grounds that this action was properly removed to the United States District Court for the District of Massachusetts. In further support of its Opposition to Plaintiff's Motion to Remand, Earth Tech states as follows:

*Introduction*

On or about April 17, 2002, Plaintiff was allegedly injured when, in crossing a street, a vehicle struck him. Plaintiff claims he had crossed two westbound travel lanes "but had to stop at the median, because the traffic/pedestrian lights had changed to permit vehicular traffic to proceed again eastbound." (Complaint ¶ 1). Plaintiff was allegedly injured when a vehicle traveling eastbound struck him. (Complaint ¶¶ 10, 11). The vehicle and the driver involved in the accident bear no relation whatsoever to Earth Tech. Plaintiff contends that Earth Tech is liable for his alleged injuries because Earth Tech's engineers were involved in designing the intersection where Plaintiff was struck. Earth Tech vigorously contests the Plaintiff's allegations

because no plausible link can be made to connect Earth Tech to the injuries that Plaintiff may have sustained when struck by a car in the middle of the street.

On or about January 22, 2004, Plaintiff filed suit against SEA Consultants and P. Gioioso & Sons, Inc., contractors involved in the construction of the crosswalk where the Plaintiff was struck. That action is presently pending in the Superior Court for Middlesex County under docket number 2004-00255.

Approximately fifteen (15) months later, Plaintiff filed a separate lawsuit against Earth Tech in the Superior Court for Middlesex County. Based on the allegations in Plaintiff's Complaint and Jury Demand ("Complaint") filed on or about April 15, 2005, and served on Earth Tech on or about April 21, 2005, ("Action Against Earth Tech"), Earth Tech timely filed its Notice of Removal. Plaintiff now seeks to remand the Action Against Earth Tech to state court.

Plaintiff made a cognizant decision to pursue this procedural course of action, e.g., file a separate lawsuit against Earth Tech fifteen months after filing suit against other defendants. **Regardless of Plaintiff's motives for this choice, it is undisputed that Plaintiff filed a Complaint against Earth Tech and no one else; that the amount in controversy exceeds $75,000; and that complete diversity of citizenship exists between Plaintiff and Defendants in the Action Against Earth Tech.** Accordingly, the matter was properly removed and this court has subject matter jurisdiction over this action.

### *This District Court has Subject Matter Jurisdiction Over This Action*

Earth Tech's removal of this action to district court is clearly appropriate. In ascertaining whether removal is proper, a district court determines whether it would have had original jurisdiction to hear the case if it had been filed in district court, rather than in state court.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The law and the facts fully support the conclusion that had this action been filed in federal district court, the court would have had jurisdiction to hear the case. Pursuant to 28 U.S.C. § 1332:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
>   (1) Citizens of different States; [or]
>   (2) citizens of a State and citizens or subjects of a foreign state . . .

This court has original jurisdiction over this action because complete diversity of citizenship exists. In his Complaint, the Plaintiff alleges that he is a resident of Massachusetts. Earth Tech, Inc. is, and at the time this action was commenced was, a California corporation with a principal place of business in Long Beach, California. TAMS Consultants, Inc. is, and at the time this action was commenced was, a New York corporation with a principal place of business in Long Beach, California. Because they are citizens of different states, complete diversity of citizenship exists among Plaintiff and Defendants. Further, the amount in controversy in the present action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Further, because this court has original jurisdiction over this case, Plaintiff's action against Earth Tech falls squarely within the definition of actions removable to federal court under Title 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, **any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant** or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added).

Moreover, Earth Tech timely filed its Notice of Removal in accordance with the procedure for removal set forth in 28 U.S.C. § 1446, which states in relevant part:

> (a) A defendant . . . desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

Earth Tech duly followed the letter of all procedural laws governing removal. It provided notice of the removal of this action to Plaintiff and to the Commonwealth of Massachusetts, Superior Court Department, Middlesex County, by filing a Notice of Filing for Removal with said court, and by serving copies of the same on Plaintiff. In accordance with Local Rule 81.1, Earth Tech then obtained attested copies of all records, proceedings and docket entries in the Action Against Earth Tech, and timely filed same with this Court. Accordingly, Earth Tech appropriately exercised its right to remove this action to the United States District Court.

In his Motion to Remand, Plaintiff offers various reasons why this court should remand this action: all are irrelevant and thoroughly unsupported by the law. When the requirements for removal are met, a defendant has the right to remove. Notwithstanding this tenet of black letter law, Plaintiff, without any legal support, states that removal would "promote judicial economy." (Motion to Remand, 3). In evaluating Plaintiff's motion, however, this Court should not take discretionary matters into account: "[C]ases properly removed from state to federal court within

the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute." Thermtron Prods. v. Hermansdorfer, 423 U.S. 336, 344 (1976). Moreover, the Supreme Court has noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Earth Tech has met all statutory requirements for removal, and, accordingly, has the right to have this case heard in federal court.

Plaintiff's Motion to Remand is wholly improper under the law, and should be denied. Further, the advancement of baseless arguments in a motion to remand can serve as the basis for sanctions. See Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766, 767 (9th Cir. 1995) (affirming district court's imposition of sanctions against Plaintiff's counsel, who "advanced baseless arguments in his motion to remand."). Other courts have awarded defendants costs associated with removal and remand proceedings. De Energía Electrica De P.R. v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2000) (vacating district court's remand order—based on contractual forum-selection clause—and awarding costs to defendant); Doran v. Clearwater, 814 F. Supp. 1077 (MD Fla. 1993) (costs and attorneys fees awarded to defendants where motion to remand was brought without legal support); see also Shrader v. Legg Mason Wood Walker, 880 F. Supp. 366 (ED Penn. 1995); and Duarte v. Donnelley, 266 F. Supp. 380 (D. Haw. 1967) (awarding defendant costs incurred in defending a motion to remand in cases that were remanded). Earth Tech respectfully requests that this court, in addition to denying the Plaintiff's motion to remand, award Earth Tech costs and legal fees incurred in defending Plaintiff's baseless "Motion to Remand."

**WHEREFORE**, Earth Tech respectfully requests that this Court:

1.  Deny Plaintiff's Motion to Remand;

2.  Award attorneys' fees and costs to Earth Tech for expenses incurred in opposing Plaintiff's unfounded Motion to Remand; and

3.  Grant such other and further relief as this Court deems just and proper.

>   Respectfully submitted,
>
>   EARTH TECH, INC. and
>   TAMS CONSULTANTS, INC.
>
>   By their attorneys,
>
>   _____
>   Jonathan Sablone (BBO No. 632998)
>   J. Christopher Allen, Jr. (BBO No. 648381)
>   Christine Vargas Suthoff (BBO No. 658916
>   NIXON PEABODY LLP
>   100 Summer Street
>   Boston, MA  02110
>   (617) 345-1000

Dated:  May 31, 2005

## CERTIFICATE OF SERVICE

    I, Christine Vargas Suthoff, do hereby certify that a true copy of the above document was served via first class mail, facsimile and e-mail upon plaintiff's counsel of record, this 31st day of May, 2005.

_____
Christine Vargas Suthoff